UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LAWRENCE WHITFIELD,

    Plaintiff,

v.     CAUSE NO.: 3:19-CV-362-RLM-MGG

MARK SEVIER, et al.,

    Defendants.

## OPINION AND ORDER

Lawrence Whitfield, a prisoner without a lawyer, filed a complaint. The court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A, "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Mr. Whitfield alleges that, in January 2019, he left his cell to file a complaint under the Prison Rape Elimination Act (PREA). During this time, Officer Knox trashed his cell, confiscated legal documents, and tampered with the toilet by causing it to flood the cell when it was flushed. Mr. Whitfield reported this incident to Lieutenant Washington and Sergeant Webb and asked them to

take photographs, but they refused. On March 14, 2019, Officer Sails told Mr. Whitfield that he had heard rumors that Mr. Whitfield had filed a PREA complaint against an officer, and Mr. Whitfield filed a PREA complaint against Officer Sails. On the same day, Officer Sails wrote up Whitfield in a false disciplinary report. On April 5, 2019, Sergeant Webb, Sergeant Elhart, and Officer Mirich escorted Mr. Whitfield to his cell. Upon arrival, Sergeant Webb made a sexual remark and instructed the other officers to remove Mr. Whitfield's pants. Sergeant Elhart and Sergeant Webb held Mr. Whitfield's arms and legs as Officer Mirich grabbed his penis.

Mr. Whitfield asserts a First Amendment claim against Officer Knox and Officer Sails, alleging that they retaliated against him for filing PREA complaints by trashing his cell and by filing a false disciplinary report against him. "To prevail on his First Amendment retaliation claim, [a plaintiff] must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." Gomez v. Randle, 680 F.3d 859, 866 (7th Cir. 2012). The complaint states a plausible claim of First Amendment retaliation against Officer Knox and Sails.

Mr. Whitfield also asserts an Eighth Amendment claim against Sergeant Webb, Sergeant Elhart, and Officer Mirich for assaulting him in his cell. The Eighth Amendment prohibits the unnecessary and wanton infliction of pain, which also includes psychological pain. Calhoun v. DeTella, 319 F.3d 936, 939

(7th Cir. 2003). Consequently, a prisoner may assert an Eighth Amendment claim if he is subjected to conduct that is "intended to humiliate and inflict psychological pain." Id. A prisoner may also assert an Eighth Amendment claim if an officer "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." Hendrickson v. Cooper, 589 F.3d 887, 890 (7th Cir. 2009). The complaint states a plausible Eighth Amendment claim against Sergeant Webb, Sergeant Elhart, and Officer Mirich.

Additionally, Mr. Whitfield names Warden Mark Sevier and Unit Team Manager John Salyer as defendants, stating that they are responsible for correctional staff's misconduct. They aren't liable for what their subordinates do. "It is well established that there is no respondeat superior liability under § 1983." Gayton v. McCoy, 593 F.3d 610, 622 (7th Cir. 2010). Rather, "[l]iability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." Burks v. Raemisch, 555 F.3d 592, 594 (7th Cir. 2009). The complaint doesn't state a claim against these defendants. Mr. Whitfield also names Lieutenant Washington as a defendant because he didn't photograph the cell, but it is unclear how this violates Mr. Whitfield's constitutional rights, and Mr. Whitfield cannot proceed against him.

For these reasons, the court:

(1) GRANTS Lawrence Whitfield leave to proceed on a First Amendment claim against Officer Knox for retaliating against him for filing a PREA complaint by trashing his cell in January 2019;

(2) GRANTS Mr. Whitfield leave to proceed on a First Amendment claim against Officer Sails for retaliating against him for filing a PREA complaint by issuing a false disciplinary report on March 14, 2019;

(3) GRANTS Mr. Whitfield leave to proceed on an Eighth Amendment claim against Sergeant Webb, Sergeant Elhart, and Officer Mirich for assaulting him in his cell on April 5, 2019;

(4) DISMISSES Mark Sevier, John Salyer, and Lieutenant Washington;

(5) DISMISSES all other claims;

(6) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Officer Knox, Officer Sails, Sergeant Webb, Sergeant Elhart, and Officer Mirich at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(7) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Officer Knox, Officer Sails, Sergeant Webb, Sergeant Elhart, and Officer Mirich to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which Lawrence Whitfield has been granted leave to proceed in this screening order.

SO ORDERED on May 13, 2019

s/ Robert L. Miller, Jr.  
JUDGE  
UNITED STATES DISTRICT COURT